■ In the Matter of NATIONWIDE INSURANCE COMPANY, Appellant, v ARISMENDY GUARENO, Respondent. INTEGON NATIONAL INSURANCE COMPANY et al., Additional Respondents. [717 NYS2d 653] —In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, the petitioner Nationwide Insurance Company appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated September 30, 1999, which denied the petition and directed the parties to proceed to arbitration.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The respondent Arismendy Guareno was allegedly injured in New York when a vehicle in which he was riding collided with a vehicle owned by the respondent Adrian Mayo. At the time,

Guareno's vehicle was insured by the petitioner Nationwide Insurance Company (hereinafter Nationwide) and the Mayo vehicle was insured by the respondent Integon National Insurance Company (hereinafter Integon). After learning that Integon had denied coverage for the accident, Guareno made a demand for uninsured motorist coverage under his policy with Nationwide and demanded arbitration. Nationwide thereafter commenced this proceeding for a permanent stay of arbitration. Nationwide argued that the accident did not involve an uninsured motorist because the policy issued by Integon to Mayo provided coverage for the accident. Integon did not dispute that it had issued a policy to Mayo that was in effect at the time of the accident. Rather, Integon argued that it had properly cancelled the policy retroactively under Virginia law after it discovered that Mayo had made material misrepresentations in her application for insurance. Integon claimed that Mayo falsely stated that she resided in Virginia and that the subject vehicle would be principally garaged in Virginia. Investigation by Integon after the claim revealed that Mayo resided and garaged her vehicle in New York at all relevant times. Integon averred that had it known the true facts, it would not have issued the policy to Mayo. Nationwide argued that given New York's governmental interest in protecting innocent accident victims against uninsured motorists, New York law should be applied. Thus, Nationwide argued, because New York law does not permit the retroactive cancellation of an insurance policy, the retroactive cancellation by Integon was invalid. In any event, Nationwide argued, there are questions of fact as to whether Mayo made material misrepresentations in her application and therefore, whether the retroactive cancellation of her policy was proper. In the order appealed from, the Supreme Court resolved the conflict of law question in favor of applying Virginia law and found that Integon's cancellation of the subject policy was valid. Thus, the Supreme Court denied Nationwide's petition for a permanent stay of arbitration.

For the reasons stated in *Eagle Ins. Co. v Singletary* (279 AD2d 56 [decided herewith]), the Supreme Court properly resolved the conflict of law question in favor of applying Virginia law. However, Nationwide is correct that there are questions of fact as to whether Mayo made any material misrepresentations in the application for insurance and, therefore, whether Integon properly cancelled her policy. Thus, the Supreme Court erred in denying the petition at this juncture and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

Nationwide's remaining contention is without merit. Ritter, J. P., Florio, H. Miller and Feuerstein, JJ., concur.