In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v DAWN NICHOLS et al., Respondents. SECURITY NATIONAL INSURANCE COMPANY, Additional Respondent-Appellant, et al., Additional Respondent. [780 NYS2d 19]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Se-

curity National Insurance Company appeals from an order of the Supreme Court, Queens County (Hart, J.), dated August 14, 2003, granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

Dawn Nichols and Gregory Nichols (hereinafter collectively Nichols) allegedly were injured in a motor vehicle accident in New York involving a vehicle registered to and operated by Francis M. Tettis. At the time of the accident, the Nichols's vehicle was insured by the petitioner Government Employees Insurance Company (hereinafter GEICO) and Tettis's vehicle was insured by the appellant. After learning that the appellant denied coverage for the accident, Nichols demanded arbitration in accordance with the uninsured motorist endorsement in their GEICO policy. GEICO thereafter commenced this proceeding to permanently stay the arbitration. GEICO argued that because the appellant's policy provided coverage, the accident did not involve an uninsured motorist. The appellant did not dispute that it issued a policy to Tettis. Rather, it argued that it properly cancelled the policy retroactively under Florida law after its investigation revealed that there was a material misrepresentation on Tettis's application for insurance, and, had it known the true facts, it would not have issued the policy. GEICO did not dispute the purported material misrepresentation, but contended that New York law was controlling. The Supreme Court granted GEICO's petition and permanently stayed arbitration, finding, in part, that there was no evidence of a valid disclaimer. We reverse.

There is a conflict of laws between Florida Statutes Annotated, title 37, § 627.409, which permits retroactive cancellation of an insurance contract if there has been a material misrepresentation in the application for insurance (*see Penaranda v Progressive Am. Ins. Co.*, 747 So 2d 953 [Fla 1999]; *Bleasdell v Underwriters Guar. Ins. Co.*, 707 So 2d 411 [Fla 1998]), and New York law, which prohibits retroactive cancellation (*see* Vehicle and Traffic Law § 313; *Matter of Eagle Ins. Co. v Singletary*, 279 AD2d 56, 58 [2000]; *Matter of Insurance Co. of N. Am. v Kaplun*, 274 AD2d 293, 297-298 [2000]). Since the appellant issued its insurance policy to Tettis and his wife in Florida, who purportedly were residents of Florida, for vehicles registered in Florida, which terms incorporated Florida law, and where the only connection between the policy and New York is that Tettis was driving the vehicle in New York at the time of the accident, Florida law is controlling under New York's conflict of law rules (*see Matter of Eagle Ins. Co. v Singletary, supra* at 59). Thus,

since GEICO did not submit any evidence to rebut the appellant's evidence of material misrepresentation, the retroactive disclaimer was valid under Florida law.

Accordingly, GEICO's petition to permanently stay arbitration should have been denied, and the proceeding dismissed. Florio, J.P., Luciano, Townes and Fisher, JJ., concur.