■ Global Liberty Insurance Co., Appellant, v Surgery Center of Oradell, LLC, as Assignee of Beauvoir Fekier, Respondent. [59 NYS3d 751]—

In an action for a judgment declaring that the plaintiff is not obligated to pay certain no-fault insurance benefits on the ground that the services rendered to the defendant's assignor were not medically necessary, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brown, J.), entered September 22, 2016, which denied its unopposed motion pursuant to CPLR 3215 for leave to enter a default judgment upon the defendant's failure to appear or answer the complaint.

Ordered that the order is affirmed, without costs or disbursements.

In February 2016, the plaintiff commenced this action pursuant to Insurance Law § 5106 (c) seeking de novo adjudication of a dispute regarding the defendant's entitlement to receive payment for medical services rendered to its assignor. After the defendant did not appear or answer the complaint, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment. The Supreme Court denied the plaintiff's unopposed motion on the ground that the plaintiff had not submitted sufficient facts to support its claim. On this appeal, we affirm, but for a different reason.

A plaintiff seeking leave to enter a default judgment must file proof of proper service of the summons and the complaint, the defendant's default, and the facts constituting the claim (see CPLR 3215 [f]; Fried v Jacob Holding, Inc., 110 AD3d 56, 59 [2013]).

The plaintiff averred that it served the defendant, a foreign limited liability company not authorized to conduct business in New York, pursuant to Limited Liability Company Law § 304. As relevant to the plaintiff's contentions, that statute requires three things. First, service upon the unauthorized foreign limited liability company may be made by personal delivery of the summons and complaint, with the appropriate fee, to the Secretary of State (see Limited Liability Company Law § 304 [b]). Second, in order for the personal delivery to the Secretary of State to be "sufficient," the plaintiff must also give the defendant direct notice of its delivery of the process to the Secretary of State, along with a copy of the process. The direct notice may be sent to the defendant by registered mail, return receipt requested, to the defendant's last known address (see Limited Liability Company Law § 304 [c] [2]). Third, after pro-

cess has been delivered to the Secretary of State and direct notice of that service has been sent to the defendant, the plaintiff must file proof of service with the clerk of the court. That proof of service must be in the form of an "affidavit of compliance." The affidavit of compliance must be filed with the return receipt within 30 days after the plaintiff has received the return receipt from the post office. Service of process shall be complete 10 days after the affidavit of compliance has been filed with the clerk with a copy of the summons and complaint (Limited Liability Company Law § 304 [c] [2]). Strict compliance with Limited Liability Company Law § 304 is required, including as to the filing of an "affidavit of compliance" (*see Interboro Ins. Co. v Tahir*, 129 AD3d 1687, 1689 [2015]; *cf. Flick v Stewart-Warner Corp.*, 76 NY2d 50, 57 [1990]). Where the plaintiff has failed to demonstrate strict compliance, the plaintiff will not be entitled to a default judgment (*see Interboro Ins. Co. v Tahir*, 129 AD3d at 1689). Here, the plaintiff failed to submit an affidavit of compliance with the return receipt within 30 days after it received the return receipt from the post office. Accordingly, the plaintiff's unopposed motion for leave to enter a default judgment was properly denied (*see id.*).

In light of our determination, we need not address the plaintiff's remaining contention. Balkin, J.P., Austin, Roman and LaSalle, JJ., concur.