Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, Jr., J.), entered November 1, 2016. The order, insofar as appealed from, denied the motion of SRP 2012-4, LLC, as successor in interest to defendant Onyx Capital, LLC, to, inter alia, vacate the default judgment and to dismiss the complaint.
 

 It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted, the order dated September 23, 2013 is vacated, and the complaint is dismissed in accordance with the following memorandum: Plaintiff commenced this action pursuant to RPAPL 1501 (4) seeking to discharge a mortgage on her property on the ground that the applicable six-year statute of limitations for a foreclosure action had passed. Defendant failed to answer the complaint or otherwise appear, and Supreme Court granted plaintiff’s motion for a default judgment. SRP 2012-4, LLC (SRP), as successor in interest to defendant, moved pursuant to, inter alia, CPLR 5015 (a) (4) to vacate the default judgment, and pursuant to CPLR 306-b and 3211 (a) (8) to dismiss the complaint. The court denied the motion, and we now reverse the order insofar as appealed from.
 

 We agree with SRP that plaintiff failed to comply strictly with Limited Liability Company Law § 304 and thus the court did not have jurisdiction over defendant. Pursuant to that statute, “[f]irst, service upon the unauthorized foreign limited liability company may be made by personal delivery of the summons and complaint, with the appropriate fee, to the Secretary of State (see Limited Liability Company Law § 304 [b])” (Global Liberty Ins. Co. v Surgery Ctr. of Oradell, LLC, 153 AD3d 606, 606 [2d Dept 2017]). That was done by plaintiff in this case. “Second, in order for the personal delivery to the Secretary of State to be ‘sufficient,’ the plaintiff must also give the defendant direct notice of its delivery of the process to the Secretary of State, along with a copy of the process” (id.; see § 304 [c]). The direct notice may be given to the defendant personally (see § 304 [c] [1]). That was attempted by plaintiff, but the process server was unable to make personal service inasmuch as the property was “unoccupied.” In the alternative, “[t]he direct notice may be sent to the defendant by registered mail, return receipt requested” (Global Liberty Ins. Co., 153 AD3d at 606; see § 304 [c] [2]). That was attempted by plaintiff in this case, but the mail was returned to plaintiff as undeliverable.
 

 In the final step, plaintiff must file an affidavit of compliance (see Limited Liability Company Law § 304 [e]). Where, as here, “a copy of the process is mailed in accordance with this section, there shall be filed with the affidavit of compliance either the return receipt signed by such foreign limited liability company or other official proof of delivery or, if acceptance was refused by it, the original envelope with a notation by the postal authorities that acceptance was refused” (id.).
 

 It is well settled that “[s]trict compliance with Limited Liability Company Law § 304 is required, including as to the filing of an ‘affidavit of compliance’ ” (Global Liberty Ins. Co., 153 AD3d at 607; see Interboro Ins. Co. v Tahir, 129 AD3d 1687, 1689 [4th Dept 2015]). The Court of Appeals in Flick v Stewart-Warner Corp. (76 NY2d 50 [1990], rearg denied 76 NY2d 846 [1990]) analyzed Business Corporation Law § 307, which is substantively identical to Limited Liability Company Law § 304. The Court explained that “the statute contains procedures calculated to assure that the foreign corporation, in fact, receives a copy of the process” (Flick, 76 NY2d at 56). The Court held that “[t]he proof called for in the affidavit of compliance is that the required actual notice has been given either by personal service or by registered mail. These are not mere procedural technicalities but measures designed to satisfy due process requirements of actual notice” {id. [citation omitted]).
 

 In this case, as outlined above, plaintiff failed to comply with step two of Limited Liability Company Law § 304. We reject plaintiffs contention that nothing more was required of her after the registered mail was returned as undeliverable. Inasmuch as plaintiff failed to comply with step two, she necessarily also failed to comply with step three, which would show that a party complied with the service requirements of section 304. Initially, we note that plaintiff filed an affidavit of service showing personal service upon the Secretary of State and a notation that service was made upon defendant by registered mail, return receipt requested, but she did not file an affidavit of compliance (see Flannery v General Motors Corp., 86 NY2d 771, 773 [1995]; VanNorden v Mann Edge Tool Co., 77 AD3d 1157, 1159 [3d Dept 2010]; Smolen v Cosco, Inc., 207 AD2d 441, 441-442 [2d Dept 1994]). Moreover, because plaintiff did not comply with step two, she was unable to file a return receipt signed by defendant “or other official proof of delivery” (§ 304 [e]; see Lansdowne Fin. Servs. v Binladen Telecommunications Co., 95 AD2d 711, 712 [1st Dept 1983]). Purportedly attached to the affidavit of service filed by plaintiff was a copy of the envelope mailed to defendant by registered mail and returned to plaintiff as undeliverable. Rather than showing proof of delivery, plaintiff showed just the opposite, i.e., that the process was not delivered to defendant. We therefore conclude that the motion to vacate the default judgment on the ground of lack of jurisdiction should have been granted (see Alostar Bank of Commerce v Sanoian, 153 AD3d 1659, 1660 [4th Dept 2017]; VanNorden, 77 AD3d at 1159). Further, “[b]ecause the court never acquired personal jurisdiction over defendant, we dismiss the . . . complaint, without prejudice” {Alostar Bank of Commerce, 153 AD3d at 1660-1661 [citation omitted]).
 

 Present—Centra, J.P., Peradotto, Lindley, NeMoyer and Troutman, JJ.