Srp 2012-4, LLC v Chan (2019 NY Slip Op 07195)





Srp 2012-4, LLC v Chan


2019 NY Slip Op 07195


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


938 CA 19-00382

[*1]SRP 2012-4, LLC, PLAINTIFF-APPELLANT,
v
CYNTHIA L. CHAN, ALSO KNOWN AS CYNTHIA CHAN, CATHERINE AMDUR, DEFENDANTS-RESPONDENTS, JOHN DOE #1, ET AL., DEFENDANTS. 






RICHLAND & FALKOWSKI, PLLC, ASTORIA (DANIEL H. RICHLAND OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
WESTERN NEW YORK LAW CENTER, INC., BUFFALO (KEISHA A. WILLIAMS OF COUNSEL), FOR DEFENDANT-RESPONDENT CYNTHIA L. CHAN, ALSO KNOWN AS CYNTHIA CHAN.
FIDELITY NATIONAL LAW GROUP, NEW YORK CITY (VANESSA R. ELLIOTT OF COUNSEL), FOR DEFENDANT-RESPONDENT CATHERINE AMDUR. 


 Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered September 13, 2018. The order, inter alia, denied the motion of plaintiff for summary judgment, granted the cross motion of defendant Cynthia L. Chan, also known as Cynthia Chan, for summary judgment, dismissed the complaint, and sua sponte granted summary judgment to defendant Catherine Amdur on her counterclaim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this foreclosure action against, inter alia, defendants Cynthia L. Chan and Catherine Amdur. Chan purchased certain real property and, in 1998, executed a note secured by a mortgage on the property. The note and mortgage were eventually assigned to plaintiff in 2016. Prior to that assignment, Chan commenced an action in 2013 against the then-current holder of the note and mortgage, Onyx Capital, LLC (Onyx), seeking to discharge the mortgage on the ground that the applicable statute of limitations for a foreclosure action had passed. Chan obtained a default judgment against Onyx, and the mortgage was cancelled and discharged. Chan then sold the property to Amdur in 2015. The title abstract listed the mortgage as cancelled and discharged. After receiving assignment of the note and mortgage from Onyx, plaintiff moved to vacate the default judgment against Onyx on the ground of lack of personal jurisdiction. Supreme Court (Nowak, Jr., J.) denied the motion, but we reversed the court's order, granted the motion, vacated the default judgment, and dismissed Chan's complaint (Chan v Onyx Capital, LLC, 156 AD3d 1361 [4th Dept 2017], lv denied 31 NY3d 903 [2018]). Apparently recognizing that it could not recover on Chan's personal obligation under the note because of her discharge in bankruptcy (see generally Citimortgage, Inc. v Chouen, 154 AD3d 914, 916 [2d Dept 2017]), plaintiff elected instead to commence this present foreclosure action against Chan and Amdur (see generally Aurora Loan Servs., LLC v Lopa, 88 AD3d 929, 930 [2d Dept 2011]; Wyoming County Bank & Trust Co. v Kiley, 75 AD2d 477, 480 [4th Dept 1980]). Plaintiff moved for summary judgment, and Chan cross-moved for summary judgment dismissing the complaint. Supreme Court (Sedita, III, J.) denied plaintiff's motion, granted Chan's cross motion, sua sponte granted summary judgment in favor of Amdur on her counterclaim to quiet title to her interest in the property, and dismissed the complaint. We affirm.
Contrary to plaintiff's contention, the foreclosure action was properly dismissed because Amdur was a bona fide purchaser for value (see generally U.S. Bank Natl. Assn. v Vanvliet, 24 AD3d 906, 909 [3d Dept 2005]). A bona fide purchaser is "one who purchases real property in good faith, for valuable consideration, without actual or record notice of another party's adverse interests in the property and is the first to record the deed or conveyance" (Panther Mtn. Water Park, Inc. v County of Essex, 40 AD3d 1336, 1338 [3d Dept 2007]). There is no dispute that Amdur purchased the property for valuable consideration, and the evidence submitted by Amdur established that she had notice that the mortgage at issue had been cancelled and discharged by the default judgment. We reject plaintiff's contention that, because the default judgment was later vacated, it could not be relied upon by Amdur when she purchased the property. "It is elementary that a final judgment or order represents a valid and conclusive adjudication of the parties' substantive rights, unless and until it is overturned on appeal" (Da Silva v Musso, 76 NY2d 436, 440 [1990]). Amdur "justifiably relied on an order cancelling [and discharging the mortgage], even though it had been entered on default" (George v Grand Bay Assoc. Enter. Inc., 45 AD3d 451, 452 [1st Dept 2007]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court