Ameriprise Ins. Co. v Kim (2020 NY Slip Op 04286)





Ameriprise Ins. Co. v Kim


2020 NY Slip Op 04286


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-14062
 (Index No. 600136/19)

[*1]Ameriprise Insurance Company, appellant,
v
Roy Kim, et al., defendants.


Bruno, Gerbino & Soriano, LLP, Melville, NY (Nathan M. Shapiro of counsel), for appellant.



DECISION & ORDER
In an action for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered August 1, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants Roy Kim, Anesthesia Professionals, P.A., Andrew J. Dowd, Bayside Wellness Physical Therapy, P.C., BKLYN Chiropractic, P.C., Central Radiology, P.C., Duramed, LLC, Franklin RX, Inc., Gaogui Leasing Corp., Gaon Acupuncture, P.C., Ji Ae Kim, JPS Medical, P.C., JWC PT, P.C., Matthew Alan Wert, Newtech Chiropractic, P.C., Park West Surgical Group, LLC, Stanford R. Wert, M.D., P.C., Sky Radiology, P.C., and W. Medical Care, P.C., upon their failure to appear or answer the complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, Ameriprise Insurance Company, issued an automobile insurance policy to the defendant Roy Kim and his wife which covered, inter alia, a 2012 Chevrolet Camaro for the period from May 14, 2017, through November 14, 2017. Pursuant to the policy, Kim reported to the plaintiff that on August 14, 2017, the subject vehicle was involved in a hit-and-run accident in Queens, in which another vehicle allegedly reversed and struck the subject vehicle while it was parked, and then fled the scene. Upon receipt of such notification, the plaintiff conducted an investigation and concluded that neither Kim's claim nor those of his no-fault benefit assignees were covered under the policy. The plaintiff commenced this action, inter alia, for a judgment declaring that pursuant to the policy, it has no duty to indemnify the defendants for any claims arising out of the subject accident. The defendants Kim, Anesthesia Professionals, P.A., Andrew J. Dowd, Bayside Wellness Physical Therapy, P.C., BKLYN Chiropractic, P.C., Central Radiology, P.C., Duramed, LLC, Franklin RX, Inc., Gaogui Leasing Corp., Gaon Acupuncture, P.C., Ji Ae Kim, JPS Medical, P.C., JWC PT, P.C., Matthew Alan Wert, Newtech Chiropractic, P.C., Park West Surgical Group, LLC, Stanford R. Wert, M.D., P.C., Sky Radiology, P.C., and W. Medical Care, P.C. (hereinafter collectively the non-answering defendants) failed to appear or answer the complaint. The plaintiff then moved, inter alia, for leave to enter a default judgment against the non-answering defendants and the Supreme Court denied the motion.
"A plaintiff seeking leave to enter a default judgment must file proof of proper service [*2]of the summons and the complaint, the defendant's default, and the facts constituting the claim" (Global Liberty Ins. Co. v Surgery Ctr. of Oradell, LLC, 153 AD3d 606, 606; see CPLR 3215[f]). " [A] default judgment in a declaratory judgment action will not be granted on the default and pleadings alone for it is necessary that [the plaintiff] establish a right to a declaration'" against the defendants (JBBNY, LLC v Dedvukaj, 171 AD3d 898, 902, quoting Dole Food Co., Inc. v Lincoln Gen. Ins. Co., 66 AD3d 1493, 1494; see Merchants Ins. Co. of N.H. v Long Is. Pet Cemetery, 206 AD2d 827, 828).
Here, while the plaintiff submitted proof of proper service of the summons and the complaint, the non-answering defendants' default, and the facts constituting the plaintiff's claim, the plaintiff's submissions in support of the motion failed to establish its right to the declarations sought (see JBBNY, LLC v Dedvukaj, 171 AD3d at 903). As such, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for leave to enter a default judgment against the non-answering defendants.
Based on the foregoing, the plaintiff's remaining contention has been rendered academic .
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court