Utica First Ins. Co. v Montespino Rest. Corp. (2024 NY Slip Op 50355(U))

[*1]

Utica First Ins. Co. v Montespino Rest. Corp.

2024 NY Slip Op 50355(U)

Decided on April 3, 2024

Supreme Court, Bronx County

Hummel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 3, 2024
Supreme Court, Bronx County

Utica First Insurance Company, Plaintiff,

against
Montespino Restaurant Corporation, SOUNDVIEW 2020, LLC., 
 and VICENTE RODRIGUEZ, Defendants.

Index No. 812917/2022E

Utica First:
Audra Zane, 
Farber Brocks & Zane, LLP
400 Garden City Plaza Suite 100, Garden City, NY 11530
516-739-5100 
azane@fbzlaw.com
Soundview 2020 LLC
Brian Gibbson, Esq.
Wade Clark Mulcahy 
180 Maiden Lane Suite 904 NY NY
212-267-1900
bgibbons@wcmlaw.com
Rodriguez
Matthew Rice, Esq.
Fellows Hymowitz
254 South Main Street, Suite 500 New City NY 10956
845-639-9300
mrice@pilaw.com
mailto:croppolo@wcmlaw.com

Veronica G. Hummel, J.

In accordance with CPLR 2219 (a), the decision herein is made upon consideration of all papers filed in NYSCEF regarding the motion of plaintiff UTICA FIRST INSURANCE COMPANY [Mot. Seq. 1], made pursuant CPLR 3215, for an order granting plaintiff default judgment against defendant MONTESPINO RESTAURANT CORPORATION. Defendants SOUNDVIEW 2020, LLC. and VICENTE RODRIGUEZ submit opposition to the motion.
Facts
Montespino operated a restaurant ("the Restaurant Operator"). Soundview was the owner of the premises in which the restaurant operated ("the Property Owner"). On August 8, 2019, Utica issued a policy of liability insurance to the Restaurant Operator (Policy No. BOP XXXXX XX).
On or about March 17, 2020, Vicente Rodriguez allegedly fell downstairs in the restaurant. Thereafter, on September 10, 2020, Rodriguez filed a complaint alleging personal injury claims arising from the fall against the Restaurant Operator and the Property Owner (Index No. 30147/2020e). In the personal injury action, the Restaurant Operator denied that Rodriguez was its employee and no employment relationship is alleged by Rodriguez in the complaint. In addition, in the lawsuit, the Property Owner did not request that Utica defend, indemnify, or provide insurance coverage to it with respect to the litigation.
On September 1, 2022, the complaint in this action was filed. Utica alleges three causes of action for declaratory relief in the pleading. The first cause of action seeks judgment declaring that the Property Owner is not an additional insured on the Utica insurance policy. The second cause of action seeks judgment declaring that Utica has no duty to defend or indemnify the Restaurant Operator and the Property Owner based upon the exclusion for employee injuries in the Utica insurance policy. As for the third cause of action, Utica seeks a judgment declaring that Utica has no duty to defend or indemnify the Restaurant Operator and the Property Owner based upon the workers' compensation exclusion in the insurance policy. Utica names Rodriguez as a nominal defendant in this action to bind him in this action.
The relief sought in the complaint is that: "this Court render a declaratory judgment, pursuant to CPLR §3001, declaring that Utica First has no obligation to defend or indemnify any party, including Montespino and/or Soundview, in connection with the Accident and [the personal injury action], and that Utica First is allowed to withdraw its funding of the defense of Montespino in the [personal injury action]."
Legal Analysis
On this motion, Utica submits a notice of motion, an attorney affirmation, copies of the pleadings, affidavits of service, notice of default, and an attorney affirmation in reply.
In the moving papers, Utica states that it does not seek a ruling on the substantive merits of or the remedy sought for its claims in the complaint. Utica only seeks an order deeming [*2]Montespino in default in the action because it failed to serve an answer, so that Utica's claims against Montespino are not deemed abandoned based on the failure to move for a default judgment within one year of the default.
The Property Owner and Rodriguez's opposition consist of attorney affirmations, the pleadings, and deposition transcripts from the personal injury action. In opposition, in sum and substance, the Property Owner and Rodriguez argue that the motion must be denied because "it is anticipated" that Restaurant Operator will interpose an answer "imminently" and granting a default against the Restaurant Operator would be "highly prejudicial" to all other defendants who have answered. In addition, the opposition includes the deposition transcripts from the personal injury action of the owner of the Restaurant Operate and a Restaurant Operator employee. Both witnesses testified that Rodriquez was not an employee of the restaurant.
As of the date of this decision, the Restaurant Operator has not appeared in the action.
It is well established that on a motion for leave to enter a default judgment pursuant to CPLR 3215, a movant is required to submit proof of service of the summons and complaint, the facts constituting the cause of action, and the defendant's default in answering or appearing. see CPLR 3215; Clarke v. Liberty Mut. Fire Ins. Co., 150 AD3d 1192 (2d Dep't 2017). To demonstrate the facts constituting the cause of action, movant needs to submit sufficient proof to enable a court to determine if the cause of action is viable. see Woodson v. Mendon Leasing Corp., 100 NY2d 62, 71 (2003). The court may consider the complaint, affidavits, and affirmations submitted by the plaintiff. Id.
Moreover, a default judgment in a declaratory judgment action will not be granted on the default and pleadings alone for it is necessary that the party seeking a default establish a right to a declaration. JBBNY,LLC. v. Dedvukaj, 171 AD3d 898 (2d Dep't 2019); Dole Food Co., Inc. v. Lincoln Gen. Ins. Co., 66 AD3d 1493, 1494 ( 4th Dep't 2009); see Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:23.
As the proponent of an unopposed motion for default judgment movant also bears the burden of establishing, inter alia, that the defaulting defendant was properly served with the motion for default judgment and failed to appear. see CPLR 306; CPLR 3215[f]. In addition, in an action based on contract against a corporation, such as this one, movant must satisfy CPLR 3215 (g)(4). CPLR 3215(g)(4) provides that:
4. (i) When a default judgment based upon non-appearance is sought against a domestic or authorized foreign corporation which has been served pursuant to paragraph (b) of section three hundred six of the business corporation law, an affidavit shall be submitted that an additional service of the summons by first class mail has been made upon the defendant corporation at its last known address at least twenty days before the entry of judgment.
(ii) The additional service of the summons by mail may be made simultaneously with or after the service of the summons on the defendant corporation pursuant to paragraph (b) of section three hundred six of the business corporation law, and shall be accompanied by a notice to the corporation that service is being made or has been made pursuant to that provision. An affidavit of mailing pursuant to this paragraph shall be executed by the person mailing the summons and shall be filed with the judgment. Where there has been compliance with the requirements of this paragraph, failure of the defendant corporation to receive the additional [*3]service of summons and notice provided for by this paragraph shall not preclude the entry of default judgment.
Here, Utica served the pleadings on the Restaurant Operator by service on the Secretary of State under Business Corporation Law 306 on September 20, 2022, and proof of service was filed on September 26, 2022. On October 17, 2023, Utica served an additional copy of the summons and complaint and the additional notice stating that service in the action was made under Business Corporation Law 306 required by CPLR 3215(g)(4)(ii) on the Restaurant Operator. The Restaurant Operator has not answered and is in default.
The motion for default judgment was filed on October 18, 2023. The motion was served on the Restaurant Operator on October 18, 2023, by regular mail and made returnable November 18, 2023. The Restaurant Operator did not oppose the motion and is in default.
Based on the submissions, therefore, Utica establishes that service of process of the complaint was completed on the Restaurant Operator [Montespino] and that the Restaurant Operator is in default in the action and on the motion. Movant also establishes the service of the required CPLR 3215 (g)(4) notice.
However, Utica admittedly fails to demonstrate the merits of the underlying causes of action and to provide proof showing a right to the ultimately demanded declaratory relief. The legal standard is unequivocal in a declaratory judgment action: default judgment in a declaratory judgment action will not be granted on the default and pleadings alone for it is necessary that that the establish a right to a declaration. CPLR 3215; JBBNY, LLC v. Dedvukaj, supra; Dole Food Co., Inc. v. Lincoln Gen. Ins. Co., supra. This absence of this showing requires denial of the motion.
To the extent that Utica alleges that a limited default judgment may be issued finding only that the Restaurant Operator has not appeared in the action, this contention runs contrary to the well-established law setting forth the legal standards of a motion for default judgment. CPLR 3215; see Woodson v. Mendon Leasing Corp., 100 NY2d 62, 71 (2003); Ameriprise Insurance Company v. Kim, 185 AD3d 995 (2d Dep't 2020); JBBNY, LLC. v. Dedvukaj, supra. It has long been held that "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action" Feffer v. Malpeso, 210 AD2d 60 (1st Dep't 1994). Movant fails, moreover, to cite any legal precedent that allows such a piecemeal default judgment to be issued without any showing of the merits of the underlying causes of action. Nor does Utica argue that discovery is unavailable or that the lack of discovery justifies the waiver of the requirement to show merit of the underlying claims. Private Capital Group, LLC. v. Hosseinipour, 170 AD3d 909 (2d Dep't 2019). 
In fact, Utica fails to submit any competent factual support for its causes of action. Furthermore, the sole factual evidence in the record, the depositions submitted by the opposition, actually undermine the merits of Utica's claims.
Finally, it is true that, pursuant to CPLR 3215(c), if plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned unless sufficient cause is shown why the complaint should not be dismissed. It is for the movant, however, to ensure that the action is proceeding and the proceedings manifest an intent not to abandon the case when such a dismissal actually occurs. Bank of America, N.A. v. Bhola,219 AD3d 430 (2d Dep't 2023).
Accordingly, it is hereby
ORDERED that the motion of plaintiff UTICA FIRST INSURANCE COMPANY, [Mot. Seq. 1], made pursuant CPLR 3215, seeking an order granting plaintiff default judgment against defendant MONTESPINO RESTAURANT CORPORATION is denied with leave to renew by June 1, 2024; and it is further
ORDERED that plaintiff shall serve a copy of this Decision/Order with notice of entry upon defendant Montespino by first class mail and registered mail, return receipt requested, by May 1, 2024 , and upload proof of said service to NYSCEF by May 15, 2024; and it is further
ORDERED that the Clerk shall mark motion sequence 1 decided in all court records.
The foregoing constitutes the Decision and Order of the court.
Dated: April 3, 2024
Bronx, New York
HON. VERONICA G. HUMMEL, A. J.S.C.