Peak Prop. & Cas. Ins. Corp. v Rodriguez (2024 NY Slip Op 04149)

Peak Prop. & Cas. Ins. Corp. v Rodriguez

2024 NY Slip Op 04149

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-04933
 (Index No. 603388/21)

[*1]Peak Property and Casualty Insurance Corporation, appellant, 
v
Jose Hernandez Rodriguez, et al., defendants.

Alahverdian Van Leuvan, P.C., Bethpage, NY (Gerard R. Van Leuvan of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Jose Hernandez Rodriguez under an automobile insurance policy, the plaintiff appeals from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated May 23, 2022. The order denied the plaintiff's unopposed motion for summary judgment on the complaint and for leave to enter a default judgment against the defendants.
ORDERED that the order is affirmed, without costs or disbursements.
In August 2020, the defendant Jose Hernandez Rodriguez applied for automobile insurance from the plaintiff for his vehicle, which was registered in Virginia. In the application, Rodriguez represented, among other things, that his vehicle would be garaged at the location in Virginia listed on the automobile insurance policy for more than 50% "of the time." Based on that information, the plaintiff issued Rodriguez a six-month automobile insurance policy, commencing on August 1, 2020.
On December 6, 2020, approximately four months into the six-month automobile insurance policy, Rodriguez's vehicle was involved in an accident. In investigating the claim, the plaintiff discovered that in December 2020, Rodriguez was living in New York. In March 2021, the plaintiff commenced this action against, among others, Rodriguez for a judgment declaring that the automobile insurance policy was void ab initio under Virginia law and that it was not obligated to defend or indemnify Rodriguez under the automobile insurance policy. The defendants failed to appear or answer the complaint, and the plaintiff moved for summary judgment on the complaint and for leave to enter a default judgment against the defendants. The Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Under the circumstances of this case, Virginia law, rather than New York law, governs the issue of whether there has been a material misrepresentation that would render the policy void ab initio. "In the context of liability insurance contracts, the jurisdiction with the most significant relationship to the transaction and the parties will generally be the jurisdiction which the parties understood was to be the principal location of the insured risk . . . unless with respect to the particular issue, some other [jurisdiction] has a more significant relationship" (Jimenez v Monadnock Constr., Inc., 109 AD3d 514, 516-517 [internal quotation marks omitted]). "In the case of a [*2]noncommercial vehicle, which is by its nature mobile, the principal location of the insured risk is the place where the vehicle is to be principally garaged" (Matter of Unitrin Direct/Warner Ins. Co. v Brand, 120 AD3d 698, 700). Here, since the policy was issued in Virginia to Rodriguez, who purportedly was a resident of Virginia, for a vehicle that was registered in Virginia and was to be principally garaged in Virginia, Virginia law applies (see Matter of Government Empls. Ins. Co. v Nichols, 8 AD3d 564, 565; Matter of Eagle Ins. Co. v Singletary, 279 AD2d 56, 58).
Under Virginia law, an insurance company contesting a claim on the basis of an insured's alleged misrepresentation that would render the policy void ab initio must establish, "by clear proof, two facts: (1) that the statement on the application was untrue; and (2) that the insurance company's reliance on the false statement was material to the company's decision to undertake the risk and issue the policy" (Commercial Underwriters Ins. Co. v Hunt & Calderone, P.C., 261 Va 38, 42, 540 SE2d 491, 493; see Montgomery Mut. Ins. Co. v Riddle, 266 Va 539, 542-543, 587 SE2d 513, 514-515). Here, the plaintiff failed to demonstrate that Rodriguez made an untrue statement on the application. In support of its motion, the plaintiff submitted statements from insurance investigators who spoke with Rodriguez purportedly as to his admissions. In those statements, Rodriguez claimed he lived in Virginia for two months before moving back to New York, and it was within that period that he procured automobile insurance for the vehicle, which was not necessarily inconsistent with his statement that he resided in Virginia at the time the application for automobile insurance was made or that the vehicle would be garaged at the location in Virginia listed on the policy for more than 50% "of the time." Moreover, the plaintiff's contention that the policy should be found void ab initio because Rodriguez did not indicate in his application that his stepson would also be driving the vehicle is not properly before this Court, since the plaintiff did not raise that argument before the Supreme Court (see Wells Fargo Bank v Islam, 174 AD3d 670, 671). Accordingly, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the complaint (see Nationwide Ins. Co. v Guareno, 278 AD2d 419).
Further, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants. "A plaintiff seeking leave to enter a default judgment must file proof of proper service of the summons and the complaint, the defendant's default, and the facts constituting the claim" (Global Liberty Ins. Co. v Surgery Ctr. of Oradell, LLC, 153 AD3d 606, 606; see Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651). "A default judgment in a declaratory judgment action will not be granted on the default and pleadings alone for it is necessary that plaintiff establish a right to a declaration" (Ameriprise Ins. Co. v Kim, 185 AD3d 995, 996, quoting JBBNY, LLC v Dedvukaj, 171 AD3d 898, 902 [alternations and internal quotation marks omitted]). Here, while the plaintiff submitted proof of proper service of the summons and the complaint, the plaintiff's submissions in support of its motion failed to establish its right to the declarations sought.
Accordingly, the Supreme Court properly denied the plaintiff's unopposed motion for summary judgment on the complaint and for leave to enter a default judgment against the defendants.
BARROS, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court