**Zeng v HH Fairchild Holdings, LLC**

2025 NY Slip Op 31766(U)

May 14, 2025

Supreme Court, New York County

Docket Number: Index No. 651864/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------X

DAVID ZENG,

Plaintiff,

- v -

HH FAIRCHILD HOLDINGS, LLC, SAMUEL WILSON
FAIRCHILD, SAMUEL B FAIRCHILD

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651864/2024 |
| **MOTION DATE** | 02/21/2025 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 29, 30, 31, 32, 33, 34, 35

were read on this motion to                        DISMISS                        .

Defendant HH Fairchild Holdings, LLC ("Defendant" or "HH LLC") moves for an Order

dismissing the Complaint against it (i) pursuant to CPLR § 3211 (a)(8) for lack of personal

jurisdiction; and (ii) pursuant to CPLR § 306-b for failure to effectuate timely service.  For the

following reasons, Defendant's motion is granted.

As relevant here, Plaintiff David Zeng ("Plaintiff" or "Zeng") alleges that he is a

businessman with expertise in international commerce and PPE procurement, and that he entered

into an agreement with HH LLC, a New Hampshire limited liability company with its principal

place of business in New Hampshire, to facilitate PPE transactions during the COVID-19

pandemic (NYSCEF 1 ["Compl."] ¶¶ 1-2, 10, 27).  The agreement provided that Zeng would use

his expertise and connections to assist HH LLC in securing PPE from manufacturers in China

and, in return, Zeng would receive 50% of the profits from these transactions (*id*. ¶¶ 16-17).

Among the transactions facilitated by Zeng was a sale of ten million surgical gowns to the City

**651864/2024   ZENG, DAVID vs. HH FAIRCHILD HOLDINGS, LLC ET AL**
  Motion No.  002

**Page 1 of 4**

1 of 4

of New York (*id*. ¶¶ 20-23, 32). The complaint also identifies three other transactions facilitated by Zeng on behalf of HH LLC, including a transaction for forty million FDA and CE certified Nitrile Medical Gloves (Compl. ¶31), another for two hundred million Nitrile Patient Examination Gloves (Compl. ¶33), and a transaction for forty thousand cartons of Disposable Nitrile Gloves (Compl. ¶34).

On January 16, 2025, this Court dismissed the individual defendants, Samuel Wilson Fairchild and Samuel B. Fairchild (the "Individual Defendants"), for lack of personal jurisdiction (NYSCEF 24). The Court held that "the complaint doesn't identify specific acts by defendant, by the individual defendants that are alleged to have occurred in New York" but "even if it the individual defendants could be subject to liability for acts taken on behalf of Fairchild Holdings, the corporate entity, the necessary New York nexus is missing here" (NYSCEF 26 at 33:5-8; 35:8-12). The Court found that "[t]he alleged agreement that is at the heart of the complaint is not alleged to have been negotiated or formed in New York. It's breach is not alleged to have occurred in New York. None of the injuries under the agreement are alleged to have been felt in New York" (*id.* at 35:4-8).

## A. *Personal Jurisdiction*

Under CPLR 302 (a) (1), "long-arm jurisdiction over a nondomiciliary exists where a defendant transacted business within the state, and the cause of action arose from that transaction" (*Copp v Ramirez*, 62 AD3d 23, 28 [1st Dept 2009]). "It is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted'" (*Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]). The burden of establishing jurisdiction under

651864/2024   ZENG, DAVID vs. HH FAIRCHILD HOLDINGS, LLC ET AL
Motion No. 002

Page 2 of 4

2 of 4

[* 2]

the long-arm statute rests on Plaintiff, as the party asserting jurisdiction (*Ramirez*, 62 AD3d at 28).

Here, Plaintiff argues that HH LLC transacted business in New York within the meaning of CPLR 302(a)(1) by contracting to supply ten million surgical gowns to the City of New York. Even if this one transaction is sufficient to show HH LLC transacted business in New York—as the Court found previously when dismissing the claims against the Individual Defendants—the necessary New York nexus is missing.

"[T]he plaintiff's cause of action must have an 'articulable nexus' or 'substantial relationship' with the defendant's transaction of business here" (*D & R Glob. Selections, S.L. v Bodega Olegario Falcon Pineiro*, 29 NY3d 292, 298-99 [2017]). "[A]n articulable nexus or substantial relationship exists 'where at least one element arises from the New York contacts' rather than 'every element of the cause of action pleaded[.]' The nexus is insufficient where the relationship between the claim and transaction is 'too attenuated' or 'merely coincidental'" (*id.* [citations omitted]).

As this Court previously held, Plaintiff's claims arise from an oral contract between two sets of non-New York parties which is alleged to have been negotiated, entered into, performed and breached entirely outside of New York. The allegation that Plaintiff is entitled to a share of all of HH LLC's profits from the sale of PPE, which includes profits from a single sale to New York City, does not provide a basis for the assertion of long-arm jurisdiction over HH LLC in New York where no element of any cause of action — no promises, no reliance, no performance, no breaches, and no damages — are alleged to have occurred in New York. In other words, the claims asserted in the Complaint do not "arise from" HH LLC's single sale of goods to New

**651864/2024   ZENG, DAVID vs. HH FAIRCHILD HOLDINGS, LLC ET AL**
**Motion No.  002**

**Page 3 of 4**

3 of 4

York City.   The complaint is therefore dismissed against HH LLC for lack of personal jurisdiction.[1]

Accordingly, it is

**ORDERED** that Defendant HH LLC's motion to dismiss the Complaint for lack of personal jurisdiction is **GRANTED**; and it is further

**ORDERED** that in light of the Court's prior dismissal of the claims against Defendants Samuel Wilson Fairchild and Samuel B Fairchild (NYSCEF 24), the Complaint is dismissed in its entirety on jurisdictional grounds as against all defendants, with taxable costs and disbursements to defendants as calculated by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly upon submission of a proposed judgment by defendants.

20250514165518JMCOHENF1FA62EE0172465190C2704ABC2CD0192

_____
**5/14/2025**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

---

[1] In view of that conclusion, the Court need not reach the issue of whether Plaintiff properly served HH LLC with process.  The Court notes that since Plaintiff failed to demonstrate compliance with LLCL 304 (by failing to file an affidavit of compliance containing specified official postal service documents showing that delivery was made to the defendant or that delivery was refused by the defendant), which requires compliance (*Glob. Liberty Ins. Co. v Surgery Ctr. of Oradell, LLC*, 153 AD3d 606, 607 [2d Dept 2017]), Plaintiff would have had to remedy the defect in order to move forward with this action.

**651864/2024   ZENG, DAVID vs. HH FAIRCHILD HOLDINGS, LLC ET AL**                    **Page 4 of 4**
Motion No.  002

4 of 4