Union Mut. Fire Ins. Co. v Rodeo Estates, LLC (2025 NY Slip Op 06095)

Union Mut. Fire Ins. Co. v Rodeo Estates, LLC

2025 NY Slip Op 06095

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-09072
 (Index No. 613079/21)

[*1]Union Mutual Fire Insurance Company, appellant,
v
Rodeo Estates, LLC, respondent, et al., defendants.

Hurwitz Fine P.C., Buffalo, NY (Agnieszka A. Wilewicz, Brian D. Barnas, and Evan D. Gestwick of counsel), for appellant.
James R. Froccaro, Jr., Port Washington, NY (Jonathan Edelstein of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Rodeo Estates, LLC, in an underlying action entitled Khozouri-Zadeh v Miale, pending in the Supreme Court, Nassau County, under Index No. 611445/20, the plaintiff appeals from an order of the Supreme Court, Nassau County (Erica L. Prager, J.), entered June 22, 2023. The order denied the plaintiff's motion for leave to enter a default judgment against the defendants Rodeo Estates, LLC, Frank Miale, and Isadora Miale, and for summary judgment on the complaint insofar as asserted against the defendants Heskell Khozouri-Zadeh and Laurie Khozouri-Zadeh, and granted the cross-motion of the defendant Rodeo Estates, LLC, for leave to serve a late answer.
ORDERED that the order is affirmed, with costs.
Heskell Khozouri-Zadeh allegedly sustained injuries as a result of acts taken by Frank Miale while Heskell Khozouri-Zadeh was on certain property owned by Rodeo Estates, LLC (hereinafter Rodeo Estates). The property was insured by Union Mutual Fire Insurance Company (hereinafter Union Mutual). Heskell Khozouri-Zadeh, and his wife, Laurie Khozouri-Zadeh, suing derivatively, commenced an action against Frank Miale, Isadora Miale, and Rodeo Estates, inter alia, to recover damages for personal injuries (hereinafter the underlying action). Thereafter, Union Mutual commenced this action for a judgment declaring that it is not obligated to defend or indemnify its insured, Rodeo Estates, in the underlying action. The other defendants in the underlying action, Frank Miale and Isadora Miale, and the plaintiffs in the underlying action, Heskell Khozouri-Zadeh and Laurie Khozouri-Zadeh, were named as defendants in this action "so that complete relief may be afforded to all parties impacted by the coverage determination made herein," and no direct relief was sought against them.
Heskell Khozouri-Zadeh and Laurie Khozouri-Zadeh interposed an answer to the complaint. Rodeo Estates, Frank Miale, and Isadora Miale failed to appear or answer the complaint. Union Mutual moved for leave to enter a default judgment against Rodeo Estates, Frank Miale, and Isadora Miale, and for summary judgment on the complaint insofar as asserted against Heskell Khozouri-Zadeh and Laurie Khozouri-Zadeh. Rodeo Estates opposed the motion and cross-moved [*2]for leave to serve a late answer. In an order entered June 22, 2023, the Supreme Court denied Union Mutual's motion and granted Rodeo Estates' cross-motion. Union Mutual appeals.
"An insurer's duty to defend is broader than the duty to indemnify and arises whenever the allegations of the complaint against the insured, liberally construed, potentially fall within the scope of the risks undertaken by the insurer" (Salt Constr. Corp. v Farm Family Cas. Ins. Co., 120 AD3d 568, 569). "Nonetheless, 'an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision'" (Sammy v First Am. Tit. Ins. Co., 205 AD3d 949, 954, quoting Allstate Ins. Co. v Zuk, 78 NY2d 41, 45). "To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint [in the underlying action] cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175).
"A plaintiff seeking leave to enter a default judgment must file proof of proper service of the summons and the complaint, the defendant's default, and the facts constituting the claim" (Global Liberty Ins. Co. v Surgery Ctr. of Oradell, LLC, 153 AD3d 606, 606; see CPLR 3215[f]; Peak Prop. & Cas. Ins. Corp. v Rodriguez, 230 AD3d 512, 514). A default judgment is proper in a declaratory judgment action when an insurer establishes entitlement to a declaration against the insured (see Ameriprise Ins. Co. v Kim, 185 AD3d 995, 996; JBBNY, LLC v Dedvukaj, 171 AD3d 898, 902; Interboro Ins. Co. v Johnson, 123 AD3d 667, 668).
Here, the Supreme Court properly denied that branch of Union Mutual's motion which was for leave to enter a default judgment against Rodeo Estates, as Union Mutual failed to present proof of the facts constituting its claim that it is not obligated to defend or indemnify Rodeo Estates in the underlying action (see Ameriprise Ins. Co. v Kim, 185 AD3d at 996; Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651). The policy exclusion upon which Union Mutual relies provides that claims arising from an assault or battery are not covered under the policy. An exclusion for claims based on or arising out of an assault bars coverage for negligence claims where the operative act giving rise to any recovery is an assault (see Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 351; Great Am. E & S Ins. Co. v Commack Hotel, LLC, 211 AD3d 704, 706). "[I]f no cause of action would exist but for the assault, the claim is based on assault and the exclusion applies" (Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d at 350; see Anastasis v American Safety Indem. Co., 12 AD3d 628, 629).
Here, the complaint in the underlying action alleged, among other things, that Heskell Khozouri-Zadeh's injuries were caused at least in part by the negligent and reckless acts of Frank Miale and by Rodeo Estates' breach of its alleged duties to provide a safe place to park and to warn of Frank Miale's propensity for negligence and recklessness. Thus, it cannot be said that Union Mutual demonstrated that all of the claims in the underlying action were based on or arose out of an alleged assault or battery (see O'Shei v Utica First Ins. Co., 195 AD3d 1499, 1501; Anastasis v American Safety Indem. Co., 12 AD3d at 629).
For the same reason, the Supreme Court properly denied those branches of Union Mutual's motion which were for leave to enter a default judgment against Frank Miale and Isadora Miale and for summary judgment on the complaint insofar as asserted against Heskell Khozouri-Zadeh and Laurie Khozouri-Zadeh, irrespective of those defendants' failure to oppose the motion (see Peak Prop. & Cas. Ins. Corp. v Rodriguez, 230 AD3d at 514; see also Caliber Home Loans, Inc. v Squaw, 190 AD3d 926; DLJ Mtge. Capital, Inc. v United Gen. Tit. Ins. Co., 128 AD3d 760, 761-762).
The Supreme Court providently exercised its discretion in granting Rodeo Estates' cross-motion for leave to serve a late answer. "A defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay [*3]and demonstrate a potentially meritorious defense to the action" (Patel v New York City Tr. Auth., 199 AD3d 925, 926 [alterations and internal quotation marks omitted]; see CPLR 3012[d]). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Browne v Lyft, Inc., 219 AD3d 443, 444 [internal quotation marks omitted]; see Nowakowski v Stages, 179 AD3d 822, 823).
Here, considering the totality of all relevant factors, including the absence of any prejudice to Union Mutual, Rodeo Estates' demonstration of a potentially meritorious defense to the action, and the public policy favoring the resolution of cases on the merits, the Supreme Court providently exercised its discretion in granting Rodeo Estates' cross-motion for leave to serve a late answer (see Camille v Federation of Prot. Welfare Agencies, Inc., 233 AD3d 747; 209 Barbey St. Trust v Scotland, 231 AD3d 778, 779; Browne v Lyft, Inc., 219 AD3d 443; Schmidt v City of New York, 50 AD3d 664, 664).
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court